UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                          Chapter 11

LANCER PARTNERS, L.P.,                          Case No. 06-11721-BKC-JKO

    Debtor.
_____/

LANCER PARTNERS, L.P.,                          Adv. Case No. 06-01458-JKO

Plaintiff,

v.

TOTAL FILM GROUP INC.,

Defendant.
_____/

**ORDER SETTING FILING AND DISCLOSURE
REQUIREMENTS FOR PRETRIAL AND TRIAL**

    To expedite and facilitate the trial of this adversary proceeding, and pursuant to Local Rules 5005-1(F) and 7016-1(B) of this Court, it is -

    **ORDERED** as follows:

    1.    <u>Pretrial Conference</u>.  The Pretrial in this matter shall be set for June 28, 2006, at 9:30 am/~~pm~~ at the U.S. Bankruptcy Court, 299 E. Broward Boulevard, Courtroom 308, Fort Lauderdale, Florida 33301, before Judge John K. Olson.

    2.    <u>Prior Scheduling Orders</u>:  This Order shall supercede and replace any prior scheduling orders entered by the United States District Court for the Southern District of Florida (the "District Court").

    3.    <u>Deadline for Filing Form of Response</u>.  Notwithstanding any previous orders entered by the District Court, Local Rule 5005-1(F) shall apply to any motions currently pending in this proceeding.

LF-63-SHF (rev. 12/01/03)        Page 1 of 15

4. <u>Disclosures</u>. Except as otherwise ordered by the court, Rules 26(d) and 26(f), Fed.R.Civ.P., shall not apply to this adversary proceeding. The disclosure requirements of Rules 26(a)(1),(2), and (3), Fed.R.Civ.P., shall apply, but according to the deadlines set forth as follows:

A. The initial disclosures of witnesses and documents required by Rule 26(a)(1), Fed.R.Civ.P., shall be made at least 30 days before the pretrial conference.

B. The disclosure of expert testimony under Rule 26(a)(2), Fed.R.Civ.P., shall be made 20 days before the pretrial conference; or within 10 days after the opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness shall, within 10 days of the disclosure, but in no event less than 5 days prior to the Pretrial Conference, provide a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed.R.Civ.P.

C. The pretrial disclosures under Rule 26(a)(3), Fed.R.Civ.P., shall be provided at or before the pretrial conference and incorporated in the joint pretrial order. Unless otherwise ordered, any objection to the use of a disclosed transcript or to the admissibility of a proposed exhibit shall be filed and served (i) at or before the calendar call if the trial is not specially set; or (ii) two business days prior to trial if the trial is specially set. The objection must identify the transcript or exhibit subject of the objection and identify the grounds for the objection. <u>Failure to timely object to the use of transcripts or exhibits will be deemed a waiver of any objection and consent to admissibility at trial</u>.

D. All disclosures under Rule 26(a)(1) and 26(a)(2), Fed.R.Civ.P., shall be made in writing, signed by counsel of record, served, and, except for copies of the exhibits, filed with the court. The disclosures under Rule 26(a)(3) shall be incorporated in the joint pretrial order. However, written reports prepared by expert witnesses shall not be filed with the court,

unless otherwise ordered.

5. <u>Pretrial Order</u>. Plaintiff shall bring to the pretrial conference a pretrial order substantially in the form attached as Exhibit "A" to this order. If a counterclaim has been filed, a separate pretrial order shall be prepared by the counterplaintiff.

6. <u>Duty of Plaintiff and Counterplaintiff</u>. It shall be the duty of plaintiff (and counterplaintiff, if a counterclaim has been filed) to prepare and sign a proposed pretrial order and to furnish the proposed draft to all other parties at least 5 business days prior to the pretrial conference. The proposed order shall be complete in all respects except for the other parties' list of exhibits and witnesses.

7. <u>Duty of Parties Other than Plaintiff and Counterplaintiff</u>. Within 3 business days following receipt of the proposed pretrial order, it shall be the duty of each other party to do the following:

    A. If the proposed draft is acceptable, to sign and return the signature page to plaintiff (or counterplaintiff) together with that party's list of exhibits and witnesses.

    B. If the proposed draft is not acceptable, to immediately meet with or telephone plaintiff (or counterplaintiff) in a good faith effort to complete a pretrial order.

8. <u>Unilateral Statements</u>. Unilateral pretrial statements shall <u>not</u> be filed.

9. <u>Failure to Comply with Pretrial Requirements</u>. If the acts required by this order, including submission of the pretrial order, are not completed at or before the pretrial conference, the court may do any or all of the following:

    A. Award monetary sanctions including attorney's fees against the party at fault;

    B. Award non-monetary sanctions against the party at fault. These may include the entry of a judgment of dismissal or the entry of an order striking the answer and

entering a default.

10. <u>Discovery</u>. All discovery shall be completed prior to the pretrial conference. The court will allow discovery after that date only upon a showing of good cause and exceptional circumstances.

11. <u>Mediation</u>. Pursuant to Local Rule 9019-2, the court may order the assignment of this proceeding to mediation at the pretrial conference or at any other hearing, upon the request of any party in interest, or upon the court's own motion.

12. <u>Trial Date</u>. The trial of this proceeding is set on a one-week calendar. Unless the court specially sets the trial, calendar call will be held at 9:30 a.m. on the first day of the trial week. All counsel shall appear at the calendar call. Prior to the trial week, the court will direct counsel in the proceeding or proceedings which may be tried on the first day to bring their witnesses. Unless otherwise ordered at the calendar call, the parties shall be prepared for trial during the entire trial week.

13. <u>Special Settings</u>. If the attorney(s) trying the case are from out-of-town, or the parties or witnesses are from out-of-town, or if some other special reason exists that justifies a request to the court to specially set trial at a time or date certain, counsel should include a request for a special setting in the pretrial order and seek relief at the pretrial conference.

14. <u>Documents Required Before Trial</u>. Each party shall file and serve the following documents either (i) at the calendar call if the trial is not specially set; or (ii) two business days prior to trial if the trial is specially set:

    A. Any written opening statement the party wishes the court to read before the trial begins. Oral opening statements normally will not be permitted at trial.

    B. A set of pre-marked exhibits intended to be offered as evidence at trial. Plaintiff(s)'s exhibits shall be marked numerically, and defendant(s)' exhibits shall be

marked alphabetically. Exhibits shall be bound in a notebook or folder with tabs marking each exhibit, and shall be accompanied by an Exhibit Register in the form attached to this order as Exhibit "B". Sufficient copies must be provided so that a set is available for each party, the witnesses, and the judge, as required by Local Rule 9070-1.

  C. Any objections to the use of deposition transcripts or admissibility of exhibits as required by Rule 26(a)(3), Fed.R.Civ.P. and paragraph 1.C. of this order.

  15. <u>Final Argument.</u> At the conclusion of the trial the Court, in lieu of final argument, will request that each party submit a Proposed Memorandum Opinion with findings of fact and conclusions of law and a separate proposed Final Judgment. Each party shall submit its proposed findings of fact and conclusions of law and proposed final judgment to the court on computer diskette (3.5 inch diskette) in WordPerfect 6/7/8 or compatible format.

  16. <u>Sworn Declarations</u>. Unless otherwise ordered, the direct testimony of all witnesses, except adverse, hostile or rebuttal witnesses, shall be presented by sworn declarations consisting of a succinct written statement of the direct testimony which that witness would be prepared to give if questions were propounded in the usual fashion at trial.

  A. Each statement of fact shall be separate, sequentially numbered and shall contain only facts which are relevant and material to the contested issue before the court, avoiding redundancies, hearsay, and other obviously objectionable statements.

  B. The statement shall be signed under penalty of perjury by the declarant. A sample statement is attached as Exhibit "C". Such statements may be referenced as the witnesses' "sworn declaration of fact ".

  C. The original sworn declarations shall be marked as exhibits and (i) brought to the calendar call with copies for each opposing party, if the trial is not specially set; or (ii) filed and served two business days prior to trial if the trial is specially set.

D.   Objections to any portions of the statements may be raised at the time the sworn declaration of each respective witness is offered to the court. The witness shall then be sworn and asked if the statement correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Assuming an affirmative answer, opposing counsel may then cross-examine the witness. At the conclusion of cross-examination, the party whose witness is on the stand may conduct oral redirect examination in the usual manner.

17.   Settlement.   If the proceeding is settled, counsel shall submit to the court a stipulation or proposed judgment approved by both parties prior to the time trial is to begin. If a judgment or stipulation is not submitted to the court, all counsel shall be prepared to go to trial. If the proceeding is removed from the trial calendar based upon the announcement of a settlement, the proceeding will not be reset for trial if the parties fail to consummate the settlement. In that event, the court will only consider a motion to enforce the settlement.

18.   Default.   If any defendant fails to timely answer or otherwise respond to the complaint, the plaintiff shall promptly seek entry of a clerk's default pursuant to Bankruptcy Rule 7055(a), and Local Rule 7055-1, and shall move for default judgment prior to the pretrial conference. If no motion for default judgment has been filed prior to the pretrial conference, plaintiff's counsel shall appear at the pretrial conference.

19.   Sanctions.   Failure to appear at the pretrial conference or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

20. <u>Service</u>.  Plaintiff(s)' counsel shall serve a copy of this order on the defendant(s).

**ORDERED** in the Southern District of Florida on May 30, 2006.

_____
JOHN K. OLSON
United States Bankruptcy Judge

## CLERK'S CERTIFICATE

A copy of this order was furnished to _____ on behalf of the

Plaintiff on _____ .

_____

Intake Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

DEBTOR                                             Case No.:

    Debtor,
_____


    Plaintiff,                                 Adv. Pro. No.:

vs.


    Defendant.
_____/

## PRETRIAL ORDER

In accordance with the Order Setting Filing and Disclosure Requirements for Pretrial and Trial, plaintiff [or counterplaintiff] and defendant [or counterdefendant] have agreed to the terms of this Pretrial Order. Thereupon, it is-

**ORDERED AND ADJUDGED** that:

1. "The following facts are admitted and require no proof:" [Set forth a concise statement of each.];

2. "The following issues of fact and no others remain to be litigated:" [Set forth a concise statement of each.];

3. "The following issues of law, and no others, remain to be litigated:" [Set forth a concise statement of each.];

4. "Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment or rebuttal only".

# EXHIBIT "A"

5. "Attached is a list of each party's witnesses including their names and addresses together with a designation of those witnesses whose testimony is expected to be presented by means of a deposition".

6. "All discovery has been completed" or "All discovery has been completed except..." [Describe any additional discovery required together with a statement of good cause and exceptional circumstances justifying discovery after the pretrial conference].

7. "The estimated length of trial is _____".

8. "[Name of attorney] will try the proceeding for the plaintiff [or counterplaintiff] and [name of attorney] will try the proceeding for the defendant [or counterdefendant], each of whom have certified that they are qualified to practice before this court or have been specially admitted for purposes of this proceeding".

9. "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order shall supersede the pleadings and govern the course of this proceeding".

10. [If applicable] "The parties request a special setting..." [Specify the circumstances justifying a special setting].

**ORDERED** in the Southern District of Florida on _____.

_____
UNITED STATES BANKRUPTCY JUDGE

Copies to:

All counsel of record.
(List all names, addresses, telephone numbers, facsimile numbers, if any, of all persons entitled to receive a copy of this order).

We,_____, attorney for plaintiff [or counterplaintiff]

and _____, attorney for defendant [or counterdefendant], certify that we have met to discuss settlement and that a good faith settlement attempt has been made.


_____                    _____
Attorney for Plaintiff                             Attorney for Defendant
[or Counterplaintiff]                              [or Counterdefendant]


ENTRY OF THIS ORDER IS
STIPULATED AND AGREED TO BY:


_____
[Name and address                                  [Name and address
of Plaintiff's or                                     of Defendant's or
Counterplaintiff's counsel]                        Counterdefendant's counsel]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

DEBTOR                                                              Case No.:

      Debtor,
_____


      Plaintiff,                                                  Adv. Pro. No.:

vs.


      Defendant.
_____/

### EXHIBIT REGISTER

Exhibits Submitted on behalf of:

[ ] Plaintiff          [ ] Defendant          [ ] Debtor          [ ] Other

Date of Hearing/Trial:

Type of Hearing/Trial:

SUBMITTED BY:




      (Tel.)


**Exhibit Number/Letter**                                                                          **Description**
                                                                                                                      **Admitted**
                                                                                                                      **Refused**
                                                                                                                      **Not Introduced**

## EXHIBIT "B"

[LF-49 pg. 1 of 2 (rev. 12/01/02)]

Exhibit Register Continuation Page

**Exhibit Number/Letter**    **Description**                              **Admitted**    **Refused**    **Not Introduced**

[LF-49 pg. 2 of 2(rev. 12/01/02)]

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                          Bankruptcy Case No.

JOHN (NMI) SMITH,                                                    (Chapter _____)

    Debtor
_____/

JOHN SMITH,
Plaintiff                                                                            Adversary Proceeding

v.

RICHARD ROE,
Defendant
_____/

### DIRECT TESTIMONY OF JOHN SMITH

1. My name is John Smith and I am the Plaintiff in this action.

2. On February 1, 1983, Richard Roe and I entered into a written agreement bearing the same date and marked as Plaintiff's Exhibit 1.

3. At the time of signing the agreement, I gave the Defendant, Richard Roe, my personal check for $50,000.00.

4. One week before we signed the contract, Mr. Roe showed me a special carburetor attachment which he claimed he had invented and had a patent therefor. At that time, Mr. Roe said to me that the attachment would reduce by 50% gasoline consumption of any engine to which it was attached.

5. At the same time, Mr. Roe said that he was negotiating with General Motors, who had offered $20,000.000.00 for an exclusive license to use and manufacture the patented device. However, Mr. Roe said he felt he was negotiating for a non-exclusive license to use and manufacture the patented device so that the product could subsequently be licensed to Ford, Chrysler, and other automobile manufacturers.

6. Three months after the contract was signed, I still had not received

assignment of one-half interest in the patent rights to the device and in fact Mr. Roe has stopped returning my calls; his phone was disconnected and he had moved out of the apartment where he had been residing.

### *EXHIBIT "C"*

7.   I next saw Mr. Roe on August 31, 1983, at the United States District Court in Miami, Florida, where he was being arraigned on charges of using the United States Mail to defraud.  I spoke to him briefly at which time he admitted to me that the entire story about his inventing and patenting the carburetor device was false, including his purported negotiations with General Motors.  He did, however, promise at the time that he would somehow or other pay back to me my $50,000.00, plus interest.

Executed at Miami, Florida, August 4, 1987.  I declare under penalty of perjury that the foregoing is true and correct.


                                                                John Smith

APPROVED AS TO FORM:




ATTORNEY FOR _____