**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re:

LANCER PARTNERS, L.P.

    Debtor.

_____/

LANCER PARTNERS, L.P.,

    Plaintiff,

v.

TOTAL FILM GROUP, INC.,

    Defendant.

_____/

Chapter 11

Case No. 06-11721-BKC-JKO

Adv. Case No. 06-01458-JKO


<u>**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**</u>

    Plaintiff, LANCER PARTNERS, L.P. ("Partners"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7055, of the Federal Rules of Bankruptcy Procedure, moves for Default Final Judgment against Defendant, Total Film Group, Inc., ("Defendant" or "Total Film"), on the following grounds:

    1.    On April 16, 2003 (the "Petition Date"), Partners commenced a Chapter 11 bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court").

    2.    On July 8, 2003, the United States Securities and Exchange Commission (the "SEC") commenced an enforcement action (the "Enforcement Action") against Michael Lauer, Lancer Management Group, LLC ("LMG"), Lancer Management Group II, LLC ("LMG II"),

Lancer Offshore, Inc. ("Offshore"), Lancer Partners, L.P. ("Partners"), Omnifund, Ltd. ("Omnifund"), LSPV, Inc. ("Offshore LSPV"), and LSPV, LLC ("Partners LSPV") in the United States District Court for the Southern District of Florida (the "District Court").

3.      On July 10, 2003, the District Court entered the Order Appointing Receiver (the "Receivership Order") in the Enforcement Action, which, among other things, appointed Marty Steinberg, Esq. as the Receiver (the "Receiver") for LMG, LMG II, Offshore, Omnifund, Offshore LSPV and Partners LSPV.  The Receiver is the responsible person for the Debtor based on his role as the receiver of LMG II.

4.      On September 3, 2003, the District Court entered an Order expanding the terms of the Receivership Order to include Alpha Omega Group, Inc. ("AOG") and G.H. Associates, LLC ("GH").

5.      On February 10, 2004, the Connecticut Bankruptcy Court entered an order transferring the Bankruptcy Case to the District Court.  The Bankruptcy Case was not automatically referred to a Bankruptcy Judge under S.D. Fla. Local Rule 87.2, but instead remained with the District Court.  The Bankruptcy Case was assigned Case No. 04-80211-CIV-MARRA.

6.      On April 15, 2005, Partners filed in the District Court a complaint (DE 1, the "Complaint") against Total Film Group, Inc. (Case No. 05-cv-60590-MARRA, the "Adversary Proceeding").  Partners filed the Amended Complaint against the Defendant in the District Court because at the time it filed the action, the District Court was presiding over the Bankruptcy Case.

7.      On August 9, 2005, Partners filed in the District Court an Amended Complaint, (DE 4, the "Amended Complaint") against the Defendant pursuant to 11 U.S.C. §544(b) and

Florida Statutes §§ 726.105(1)(a) and (b), 726.106(1), 726.108, and other applicable law, and under the theory of unjust enrichment.

8.      On August 11, 2005, the Clerk of the District Court issued an Alias Summons in a Civil Action (DE 7, the "First Summons") for service of the Amended Complaint on Total Film. A true and correct copy of the First Summons is attached hereto as **Exhibit "A."**

9.      On May 2, 2006, the District Court entered an order (the "Order of Reference") referring the Bankruptcy Case and the Adversary Proceeding to this Court.

10.     On June 2, 2006, the Clerk of this Court issued a second Alias Summons in a Civil Action (DE 5, the "Second Summons") for service of the Amended Complaint on Total Film. A true and correct copy of the Second Summons is attached hereto as **Exhibit "B."**

11.     On June 23, 2006, the Clerk of this Court issued a third Alias Summons in a Civil Action (DE 12, the "Third Summons") for service of the Amended Complaint on Total Film. A true and correct copy of the Third Summons is attached hereto as **Exhibit "C."**

12.     On November 29, 2006, the Clerk of this Court issued a fourth Alias Summons in a Civil Action (DE 29, the "Fourth Summons") for service of the Amended Complaint on Total Film. A true and correct copy of the Fourth Summons is attached hereto as **Exhibit "D."**

13.     Pursuant to Fed. R. Bankr. P. 7004(b)(3), "… service may be made within the United States by first class mail postage prepaid … [u]pon a domestic or foreign corporation … by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

14.     On August 23, 2005, Partners served the First Summons and Amended Complaint by Certified Mail on the registered agent of Total Film, Corporation Service Company. A true and correct copy from the Delaware Secretary of State web site for Total Film as of August 23, 2005 confirming same is attached hereto as **Exhibit "E."**   A true and correct copy of the Declaration of Server (DE 8) is attached hereto as **Exhibit "F."**

15.     On June 12, 2006, Partners served the Second Summons and Amended Complaint by First Class and Certified Mail on the Registered Agent of Total Film, Corporation Service Company. A true and correct copy of the Certificate of Service (DE 11) is attached hereto as **Exhibit "G."**

16.     On June 23, 2006, Partners served the Third Summons and Amended Complaint by First Class and Certified Mail on the former President of Total Film, Jeffrey Hoffman, at three different addresses. A true and correct copy from the U.S. Securities and Exchange Commission web site confirming Mr. Hoffman as President is attached hereto as **Exhibit "H."**   A true and correct copy of the Certificate of Service (DE 15) is attached hereto as **Exhibit "I."**

17.     On December 11, 2006, Partners served the Fourth Summons and Amended Complaint by personally serving The Delaware Secretary of State. A true and correct copy of the Return of Service (DE 33) is attached hereto as **Exhibit "J."**

18.     Because the Defendant failed to answer or otherwise respond to the Amended Complaint, on May 17, 2007, Partners filed Plaintiff's Motion for Clerk's Entry of Default against Total Film (DE 35, the "Motion for Default").

19.     On May 18, 2007, the Clerk of Court entered a default against Total Film (DE 36, the "Entry of Default").

20.    As of the date of this Motion for Default Final Judgment, the Defendant has failed to appear before this Court or respond to the Amended Complaint.

21.    Accordingly, Partners files this Motion requesting the entry of a default final judgment.

22.    The Plaintiff has attached to this Motion as **Exhibit "1"** the Affidavit of the Receiver, as the responsible person for the Debtor, establishing that the Defendant, Total Film Group, Inc., owes the Plaintiff the principal amount of $837,500.00, interest of $145,691.10 (calculated through February 15, 2008), and Court fees of $250.00, for a total sum due of $983,441.10, as of the date of this Motion.

**WHEREFORE,** Partners respectfully requests that this Court enter an order granting this Motion for Default Final Judgment against the Defendant, a proposed form of which is attached hereto, and for such other and further relief as is just and appropriate.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**
*Attorneys for Plaintiff*
1111 Brickell Avenue - Suite 2500
Miami, Florida 33131
Tel:  (305) 810-2500
Fax:  (305) 810-2460

By:   /s/ David E. Bane
        David E. Bane (FBN 515701)
        Jeffrey P. Bast (FBN 996343)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via First Class U.S. Mail this **15th day of February, 2008,** upon Corporation Service Company, Registered Agent for Total Film Group, Inc., at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 and Jeffrey Hoffman, President of Total Film Group, Inc., at 2818 Long Grove Court, Marietta, Georgia 30062-8717, 207 W. Los Angeles Avenue, 143, Moorpark, California 93021, 3930 Sunset Ridge Road, Moorpark, California 93021, and 22647 Ventura Boulevard, 1002, Woodland Hills, California 91364.

/s/ David E. Bane

David E. Bane

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re:

LANCER PARTNERS, L.P.

    Debtor.

_____/

LANCER PARTNERS, L.P.,

    Plaintiff,

v.

TOTAL FILM GROUP, INC.,

    Defendant.

_____/

Chapter 11

Case No. 06-11721-BKC-JKO

Adv. Case No. 06-01458-JKO

## DEFAULT FINAL JUDGMENT

    **THIS CAUSE** having come before the Court upon Plaintiff's Motion For Default Final Judgment Against Total Film Group, Inc., the ("Defendant" or "Total Film"), whose address is 9107 Wilshire Boulevard, #475, Beverly Hills, California 90210, c/o Corporation Service

Company, as Registered Agent for Total Film Group, Inc., at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 and Jeffrey Hoffman, as former President of Total Film Group, Inc., at 2818 Long Grove Court, Marietta, Georgia 30062-8717, 207 W. Los Angeles Avenue, 143, Moorpark, California 93021, 3930 Sunset Ridge Road, Moorpark, California 93021, and 22647 Ventura Boulevard, 1002, Woodland Hills, California 91364 and the Court having reviewed the pleadings and Affidavit filed by the Plaintiff, noting that no opposing Affidavit was filed by the Defendant, and being otherwise fully advised in the premises, finds that the Plaintiff is entitled to a Default Final Judgment as a matter of law.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1.     The Motion for Default Final Judgment against Total Film is **GRANTED**.

2.     Total Film is liable to the Plaintiff, Lancer Partners, L.P. for fraudulent transfers pursuant to 11 U.S.C. § 544(b) and Florida Statutes §§ 726.105(1)(a) and (b), 726.106(1), and 726.108, and other applicable law, and under the theory of unjust enrichment.

3.     Judgment is hereby entered against Total Film and in favor of the Plaintiff in the amount of $837,500.00, plus prejudgment interest of $145,691.10 (calculated through February 15, 2008), and Court costs of $250.00, for a total of $983,441.10, that shall bear interest at the federal legal rate of interest, 2.08% per year, for which let execution issue forthwith.

4.     All claims asserted and filed by Total Film against Lancer Partners, L.P. are

hereby disallowed under 11 U.S.C. § 502(d).


### 

Submitted by:
Jeffrey P. Bast, Esq.
David E. Bane, Esq.
Hunton & Williams LLP
1111 Brickell Avenue, Suite 2500
Miami, FL  33131
Tel.  (305) 810-2500
Fax  (305) 810-2460

Copies furnished to:
Corporation Service Company, Registered Agent
for Total Film Group, Inc.;
Jeffrey Hoffman, President of Total Film Group, Inc.

# United States District Court

**SOUTHERN** _____ DISTRICT OF _____ **FLORIDA**

LANCER PARTNERS, L.P.,

   **Plaintiff(s),**

                **V.**

TOTAL FILM GROUP, INC.,

   **Defendant(s).**

## ALIAS SUMMONS IN A CIVIL ACTION

Case No.: 05-60590-CIV-MARRA



    TO:   **TOTAL FILM GROUP, INC.**
           **c/o Glenn Weisberger**
           **21700 Oxnard Street, Suite 1050**
           **Woodland Hills, CA 91367**

    **YOU ARE HEREBY SUMMONED** and required to serve upon

           **JEFFREY P. BAST, Esquire**
           Florida Bar No. 996343
           HUNTON & WILLIAMS, LLP
           1111 Brickell Avenue, 25th Floor
           Miami, Florida 33131
           Tel: (305) 810-2500
           Fax: (305) 810-2460

n answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of ervice. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your nswer with the Clerk of this Court within a reasonable period of time after service.

Clarence Maddox

_____           AUG 1 1 2005

CLERK                    DATE

BY DEPUTY CLERK



Form CGFI15 (10/17/2005)

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**
**Division: Fort Lauderdale**

**Adversary Number:** 06–01458–JKO

**Case Number:** 06–11721–JKO

In re:

**Name of Debtor(s):** Lancer Partners, L.P.

–––––––––––––––––––––––––––––––––––––––––––––– /

**Lancer Partners, L.P.**

Plaintiff(s)

**VS.**

**Total Film Group, Inc.**

Defendant(s)

–––––––––––––––––––––––––––––––––––––––––––––– /

ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY
AND BANKRUPTCY CASE NUMBERS

> *CLERK*
> *USBC*
> *SDFL*
> ***FILED***
> ***6/2/06***

## ALIAS SUMMONS AND NOTICE OF PRETRIAL/TRIAL
## IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 25 days (as shortened by Local Rule 7012–1) after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

☐ Clerk, 51 SW First Ave Room 1517
   Miami FL 33130

☑ Clerk, 299 E. Broward Blvd, Room 112
   Ft Lauderdale FL 33301

☐ 1675 Palm Beach Lakes Blvd 8th Floor
   West Palm Beach FL 33401

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney. Pursuant to BR 7007.1, corporate defendants must file a corporate ownership statement.

Name and Address of Plaintiff's Attorney
Andrew D Zaron Esq
1111 Brickell Ave #2500
Miami, FL 33131

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

*Page 1 of 2*

**EXHIBIT**

B

## PRETRIAL CONFERENCE INFORMATION

Date: **June 28, 2006**

Time: **09:30 AM**

Location: **U.S. Courthouse, 299 E Broward Blvd #308, Ft Lauderdale, FL 33301**

### TRIAL INFORMATION:

### A TRIAL WILL BE HELD DURING THE ONE–WEEK TRIAL PERIOD INDICATED BELOW

☑ To be set at pretrial

Date:

**Time:**

**Location:**

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Karen Eddy**
**Clerk of Court**

By: Mary Lou Graulau
Deputy Clerk

**Dated:** June 2, 2006

*Page 2 of 2*

Form CGFI15   (10/17/2005)

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**
**Division: Fort Lauderdale**

**Case Number:** 06–11721–JKO

**Adversary Number:** 06–01458–JKO

In re:

**Name of Debtor(s):** Lancer Partners, L.P.

–––––––––––––––––––––––––––––––––––––––––––––––––– /

**Lancer Partners, L.P.**

Plaintiff(s)

**VS.**

**Total Film Group, Inc.**

Defendant(s)

–––––––––––––––––––––––––––––––––––––––––––––––––– /

ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY
AND BANKRUPTCY CASE NUMBERS

```
CLERK
USBC
SDFL
FILED
6/23/06
```

## ALIAS SUMMONS AND NOTICE OF PRETRIAL/TRIAL
## IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 25 days (as shortened by Local Rule 7012–1) after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

☐   Clerk, 51 SW First Ave Room 1517
     Miami FL 33130

☑   Clerk, 299 E. Broward Blvd, Room 112
     Ft Lauderdale FL 33301

☐   1675 Palm Beach Lakes Blvd 8th Floor
     West Palm Beach FL 33401

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney. Pursuant to BR 7007.1, corporate defendants must file a corporate ownership statement.

     Name and Address of Plaintiff's Attorney
     Andrew D Zaron Esq
     1111 Brickell Ave #2500
     Miami, FL 33131

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

*Page 1 of 2*

**EXHIBIT**

tabbies®

C

## PRETRIAL CONFERENCE INFORMATION

Date: **September 18, 2006**

Time: **09:30 AM**

Location: **U.S. Courthouse, 299 E Broward Blvd #308, Ft Lauderdale, FL 33301**

### TRIAL INFORMATION:

### A TRIAL WILL BE HELD DURING THE ONE–WEEK TRIAL PERIOD INDICATED BELOW

☑ To be set at pretrial

Date:

**Time:**

**Location:**

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Karen Eddy**
**Clerk of Court**

By: Mary Lou Graulau
    Deputy Clerk

**Dated:** June 23, 2006

*Page 2 of 2*

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 113C-0          User: graulaum          Page 1 of 1          Date Rcvd: Jun 23, 2006
Case: 06-01458               Form ID: CGFI15         Total Served: 1

The following entities were served by first class mail on Jun 25, 2006.
aty          +Andrew D Zaron, Esq,   1111 Brickell Ave #2500,   Miami, FL 33131-3126

The following entities were served by electronic transmission.
NONE.                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 25, 2006                    Signature: _Joseph Speetjens_

Form CGFI15   (10/19/06)

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**
**Division:   Fort Lauderdale**

**Case Number:**   06–11721–JKO

**Adversary Number:**   06–01458–JKO

In re:

**Name of Debtor(s):**   Lancer Partners, L.P.

––––––––––––––––––––––––––––––––––––––––––––––– /

**Lancer Partners, L.P.**

Plaintiff(s)

**VS.**

**Total Film Group, Inc.**

Defendant(s)

–––––––––––––––––––––––––––––––––––––––––––––/

ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY
AND BANKRUPTCY CASE NUMBERS

```
CLERK
USBC
SDFL
FILED
11/29/06
```

# ALIAS SUMMONS AND NOTICE OF PRETRIAL/TRIAL
# IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 25 days (as shortened by Local Rule 7012–1) after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

**United States Bankruptcy Court**
**Federal Building**
**299 E Broward Blvd, Room 112**
**Ft Lauderdale FL 33301**

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney. Pursuant to BR 7007.1, corporate defendants must file a corporate ownership statement.

Name and Address of Plaintiff's Attorney
Andrew D Zaron Esq
1111 Brickell Ave #2500
Miami, FL 33131

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

*Page 1 of 2*

**EXHIBIT**

D

## PRETRIAL CONFERENCE INFORMATION

Date:  **February 20, 2007**

Time:  **09:30 AM**

Location:  **U.S. Courthouse, 299 E Broward Blvd #308, Ft Lauderdale, FL 33301**

### TRIAL INFORMATION:

### A TRIAL WILL BE HELD DURING THE ONE–WEEK TRIAL PERIOD INDICATED BELOW

&#9745;   To be set at pretrial

Date:

**Time:**

**Location:**

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Clerk of Court**

By: Susan Romano
    Deputy Clerk

**Dated:**   November 29, 2006

*Page 2 of 2*

Division of Corporations - Online Services                                                      Page 1 of



# State of Delaware
### The Official Website for the First State

| Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites |

| State Directory | Help | Search Delaware | 🔍 | Citizen Services | Business Services | Visitor Info |

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

## Entity Details

### THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 2529684 | Incorporation Date / Formation Date: | 08/01/1995 (mm/dd/yyyy) |
| Entity Name: | **TOTAL FILM GROUP, INC.** | | |
| Entity Kind: | **CORPORATION** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **CORPORATION SERVICE COMPANY** | | |
| Address: | **2711 CENTERVILLE ROAD SUITE 400** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **(302)636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information   [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware gov

https://sos.res.state.de.us/tin/controller



**EXHIBIT**

E



# State of Delaware
## The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware :        Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions    View Search Results

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | |
|---|---|---|
| File Number: | **2529684** | Incorporation Date / Formation Date: **08/01/1995** (mm/dd/yyyy) |
| Entity Name: | **TOTAL FILM GROUP, INC.** | |
| Entity Kind: | **CORPORATION** | Entity Type: **GENERAL** |
| Residency: | **DOMESTIC** | State: **DE** |

**REGISTERED AGENT INFORMATION**

Name:          **CORPORATION SERVICE COMPANY**

Address:       **2711 CENTERVILLE ROAD SUITE 400**

City:          **WILMINGTON**          County:   **NEW CASTLE**

State:         **DE**              Postal Code:  **19808**

Phone:         **(302)636-5401**

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status, Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov

AO 440 (Rev 10/93) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and Complaint was made by me[1]<br>Al Hernandez | DATE<br>August **23**, 2005 | 05-60590-CV<br>**NIGHT BOX**<br>**FILED**<br>AUG 2 4 2005 |
| NAME OF SERVER (PRINT)<br>Al Hernandez | TITLE<br>Paralegal | CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

√ Other (specify): Served pursuant to Fed. R. Bank. P. 7004(b)(3) by mailing a copy of the Alias Summons and Amended Complaint certified mail returned receipt requested to the attention of Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and by also mailing a copy to Jeffrey Hoffman, Total Film Group, 21700 Oxnard Avenue, Suite 1050, Woodland Hills, CA 91367

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on **8/23/05**
_____
Date

_____
Signature of Server

Al Hernandez
Hunton & Williams LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
(305) 810-2500

_____
Address of Server

EXHIBIT
F

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

4036.000002 MIAMI 299815v1

# United States District Court

## SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

ANCER PARTNERS, L.P.,

Plaintiff(s),

V.

OTAL FILM GROUP, INC.,

Defendant(s).

### ALIAS SUMMONS IN A CIVIL ACTION

Case No.: 05-60590-CIV-MARRA

TO:  **TOTAL FILM GROUP, INC.**
**c/o Glenn Weisberger**
**21700 Oxnard Street, Suite 1050**
**Woodland Hills, CA 91367**

**YOU ARE HEREBY SUMMONED** and required to serve upon

**JEFFREY P. BAST, Esquire**
Florida Bar No. 996343
HUNTON & WILLIAMS, LLP
1111 Brickell Avenue, 25th Floor
Miami, Florida 33131
Tel: (305) 810-2500
Fax: (305) 810-2460

answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of rvice. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your wer with the Clerk of this Court within a reasonable period of time after service.

**Clarence Maddox**

AUG 1 1 2005

ERK

DATE

DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                          Chapter 11

**LANCER PARTNERS, L.P.,**                      Case No. 06-11721-BKC-JKO

    Debtor.
_____/

**LANCER PARTNERS, L.P.,**                      Adv. Case No. 06-01458-JKO

Plaintiff,

v.

**TOTAL FILM GROUP INC.,**

Defendant.
_____/

### CERTIFICATE OF SERVICE

    I, **Glenda Santiago**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made June 2, 2006 by:

    ☒    Certified Mail service: First class United States mail, postage full pre-paid, address to:

        Total Film Group, Inc.
        c/o Corporation Services Company
        Registered Agent
        2711 Centerville Road, Suite 400
        Wilmington, DE 19808

    Under penalty of perjury, I declare that the foregoing to true and correct.

_6.12-06_____          _____
Date                                Signature

| Glenda Santiago |
| --- |
| Hunton & Williams, LLP |
| 1111 Brickell Avenue, Suite 2500 |
| Miami, Florida 33131 |

**EXHIBIT**

G



Home | EDGAR Search Home | Latest Filings | Previous Page

## U.S. Securities and Exchange Commission

**TOTAL FILM GROUP INC (0001038777)**

State location: CA | State of Inc.: DE | Fiscal Year
End: 1231

To limit filing results, enter
form type or date (as 2002/05/23).

| Business Address | Mailing Address |
|---|---|
| 9107 WILSHIRE BLVD STE 475 | 9107 WILSHIRE BLVD SUITE 475 |
| BEVERLY HILLS CA 90210 | BEVERLY HILLS CA 90210 |

Form Type

Prior to

Key to Descriptions

Ownership?  ⦿ Include  ◯ Exclude  ◯ Only

**[Paper]** Paper filings are available by film number
from the SEC Public Reference Room.

40 Entries        [ Retrieve Selected Filings ]

**[Cover]** Filing contains an SEC-released cover
letter or correspondence.

[ Retrieve All Filings ]

Items 1 - 25

| Form | Formats | Description | Filing Date | File/Film No |
|---|---|---|---|---|
| 8-K | [html][text] 52 KB | Current report, items 2 and 7<br>Acc-no: 0000912057-02-000930 | 2002-01-10 | 000-30227<br>2506525 |
| 8-K | [html][text] 20 KB | Current report, items 2 and 7<br>Acc-no: 0000912057-02-000931 | 2002-01-10 | 000-30227<br>2506530 |
| 8-K | [html][text] 4 KB | Current report, items 5 and 7<br>Acc-no: 0000912057-02-000157 | 2002-01-03 | 000-30227<br>2501429 |
| NT 10-K | [html][text] 8 KB | Notification of inability to timely file Form 10-K 405, 10-K,<br>10-KSB 405, 10-KSB, 10-KT, or 10-KT405<br>Acc-no: 0000912057-01-534067 | 2001-10-01 | 000-30227<br>1749522 |
| 8-K | [html][text] 27 KB | Current report, items 1 and 7<br>Acc-no: 0000912057-01-520084 | 2001-06-15 | 000-30227<br>1661905 |
| 10QSB | [html][text] 69 KB | Optional form for quarterly and transition reports of small<br>business issuers<br>Acc-no: 0000912057-01-516101 | 2001-05-15 | 000-30227<br>1639027 |
| 8-K | [html][text] 7 KB | Current report, items 4 and 7<br>Acc-no: 0000912057-01-506977 | 2001-04-04 | 000-30227<br>1595511 |
| 10KSB/A | [html][text] 237 KB | [Amend]Optional form for annual and transition reports<br>of small business issuers [Section 13 or 15(d), not S-B<br>Item 405]<br>Acc-no: 0000912057-01-007612 | 2001-03-14 | 000-30227<br>1568434 |
| 10QSB/A | [html][text] 42 KB | [Amend]Optional form for quarterly and transition reports<br>of small business issuers<br>Acc-no: 0000912057-01-007341 | 2001-03-08 | 000-30227<br>1563231 |
| 10SB12G/A | [html][text] 298 KB | [Amend]Registration of securities for small business<br>[Section 12(g)]<br>Acc-no: 0000912057-01-006276 | 2001-02-20 | 000-30227<br>1550419 |
| 10QSB | [html][text] 80 KB | Optional form for quarterly and transition reports of small<br>business issuers<br>Acc-no: 0000912057-01-006321 | 2001-02-20 | 000-30227<br>1550693 |
| NT 10-Q | [html][text] 9 KB | Notification of inability to timely file Form 10-Q or 10-QSB<br>Acc-no: 0000912057-01-005949 | 2001-02-15 | 000-30227<br>1546510 |
| 10SB12G/A | [html][text] 298 KB | [Amend]Registration of securities for small business<br>[Section 12(g)]<br>Acc-no: 0000912057-01-002565 | 2001-01-24 | 000-30227<br>1513788 |
| 10KSB/A | [html][text] 235 KB | [Amend]Optional form for annual and transition reports | 2000-12-26 | 000-30227 |

EXHIBIT

|  |  |  | of small business issuers [Section 13 or 15(d), not S-B Item 405]<br>Acc-no: 0000912057-00-054668 |  | 795420 |
| 10SB12G/A | [html][text] | 520 KB | **[Amend]**Registration of securities for small business [Section 12(g)]<br>Acc-no: 0000912057-00-054273 | 2000-12-20 | 000-30227<br>792684 |
| 10QSB | [html][text] | 44 KB | Optional form for quarterly and transition reports of small business issuers<br>Acc-no: 0000912057-00-050924 | 2000-11-20 | 000-30227<br>773421 |
| NT 10-Q | [html][text] | 9 KB | Notification of inability to timely file Form 10-Q or 10-QSB<br>Acc-no: 0000912057-00-050266 | 2000-11-15 | 000-30227<br>769574 |
| 10SB12G/A | [html][text] | 243 KB | **[Amend]**Registration of securities for small business [Section 12(g)]<br>Acc-no: 0000912057-00-044751 | 2000-10-13 | 000-30227<br>740131 |
| 10KSB | [html][text] | 214 KB | Optional form for annual and transition reports of small business issuers [Section 13 or 15(d), not S-B Item 405]<br>Acc-no: 0000912057-00-044755 | 2000-10-13 | 000-30227<br>740173 |
| 8-K | [html][text] | 6 KB | Current report, item 5<br>Acc-no: 0000912057-00-043570 | 2000-10-03 | 000-30227<br>734269 |
| NT 10-K | [html][text] | 9 KB | Notification of inability to timely file Form 10-K 405, 10-K, 10-KSB 405, 10-KSB, 10-KT, or 10-KT405<br>Acc-no: 0000912057-00-042895 | 2000-09-28 | 000-30227<br>730418 |
| 10SB12G/A | [html][text] | 239 KB | **[Amend]**Registration of securities for small business [Section 12(g)]<br>Acc-no: 0001111324-00-000025 | 2000-07-25 | 000-30227<br>678581 |
| 8-K | [html][text] | 5 KB | Current report, item 1<br>Acc-no: 0001111324-00-000022 | 2000-07-19 | 000-30227<br>675255 |
| SC 13D | [html][text] | 9 KB | General statement of acquisition of beneficial ownership<br>Acc-no: 0000912057-00-032230 | 2000-07-17 | 005-59313<br>674307 |
| 10SB12G | [html][text] | 1 MB | Registration of securities for small business [Section 12 (g)]<br>Acc-no: 0000912057-00-016299 | 2000-04-05 | 000-30227<br>594144 |

*http://www.sec.gov/cgi-bin/browse-edgar*

# SEC EDGAR Filing Information

## Form 8-K -- Current report

Period of Report: **2001-07-19**
Documents: **2**

SEC Accession No.
**0000912057-02-000930**
Filing date: **2002-01-10**
Accepted: **1995-09-28 00:00:00**

**Item 2:** Acquisition or disposition of assets
**Item 7:** Financial statements and exhibits

## Table of submitted documents:

| Seq | Type | Document | Size | Description |
|-----|------|----------|------|-------------|
| 1 | 8-K | a2067274z8-k.txt | 18516 | FORM 8-K |
| 3 | EX-2.3 | a2067274zex-2_3.txt | 32222 | EXHIBIT 2.3 |
| | | 0000912057-02-000930.txt | 52350 | **Complete submission text file** |

## Filer Information:

**TOTAL FILM GROUP INC** (Filer) **(0001038777)**
IRS No.: **133851302** | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **8-K** | Act: **34** | File No.: **000-30227** | Film No.: **2506525**

| Business Address | Mailing Address |
|------------------|-----------------|
| 9107 WILSHIRE BLVD STE 475 | 9107 WILSHIRE BLVD SUITE 475 |
| BEVERLY HILLS CA 90210 | BEVERLY HILLS CA 90210 |

```
<DOCUMENT>
<TYPE>8-K
<SEQUENCE>1
<FILENAME>a2067274z8-k.txt
<DESCRIPTION>FORM 8-K
<TEXT>
<Page>
```

SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

FORM 8-K

CURRENT REPORT
PURSUANT TO SECTION 13 OR 15(d) OF THE
SECURITIES EXCHANGE ACT OF 1934

Date of report (Date of earliest event reported): July 19, 2001

TOTAL FILM GROUP, INC.
(Exact Name of Registrant as Specified in Charter)

| DELAWARE | 0-30027 | 13-3851302 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

9107 WILSHIRE BOULEVARD, SUITE 475, BEVERLY HILLS, CA          90210
(Address of Principal Executive Offices)                    (Zip Code)

Registrant's telephone number, including area code:  (310) 275-8404

ITEM 2.  DISPOSITION OF ASSETS

     In June 2001 Total Creative, Inc. ("Total Creative") and Total Film Group,
Inc. ("Total Film") entered into an agreement to sell substantially all of the
assets of Total Creative, a wholly owned subsidiary of Total Film, to Viridian
Entertainment ("Viridian"), a California corporation controlled by Gerald Green,
a former officer and director of Total Film and Total Creative. These assets
consisted of the following: equipment, personal property, appurtenances,
accessories, furnishings, fixtures, contracts, contract rights, tangible,
intangible, and other property owned by Total Creative or installed at the
premises in the Beverly Hills, California, office. Viridian will also have the
use of the name "Total Creative, Inc." for a period of six months. The sale
excludes the leasehold interest and personal property of Total Creative located
at the San Francisco, California, office, and any cash or bank accounts of Total
Creative. The closing of the sale was completed on July 19, 2001, and was deemed
effective as of June 30, 2001.

     The purchase price paid by Viridian for the assets was $26,000, plus 20%
of the net profits for three fiscal years beginning July 1, 2001. The cash
portion of the purchase price was placed into an escrow account pending
confirmation that all outstanding liabilities and liens

```
<Page>
```

affecting the assets have been satisfied. Viridian assumed no liabilities of
Total Creative in connection with the assets, except for ongoing obligations
arising after June 30, 2001. Any liabilities incurred prior to July 1, 2001, and

paid by Viridian will be deducted from the escrowed purchase price. The escrowed funds will be released to Total Creative at such time as it is able to provide Viridian reasonable proof that all outstanding liabilities relating to the assets have been satisfied or settled. These liabilities total approximately $421,731, of which Total Film remains liable for approximately $200,000 because of contractual guarantees or other arrangements. Management decided to sell the assets of Total Creative for the cash consideration, plus a percentage of future profits, if any, rather than to cease and liquidate the operations of Total Creative because management believes the consideration would be greater than in a liquidation transaction. Management believes that although the purchaser of the assets is controlled by a former affiliate of Total Film, the transaction was at arms' length because of the divestiture of Mr. Green of any significant ownership or management interest in Total Film and Total Creative in June 2001.

Viridian also entered into a three-year sublease agreement with Total Creative and Total Film for the office space previously used by Total Creative. Viridian has the option to cancel the sublease at any time upon six months' written notice.


ITEM 7. FINANCIAL INFORMATION AND EXHIBITS

(a)    Financial Statements of Business Acquired.
       Not applicable.

(b)    The Pro Forma Financial Information required by this item is included
       with this report.

(c)    Exhibit.

<Table>
<Caption>
Exhibit No.        Description                          Location

<S>                <C>                                  <C>
2.3                Agreement of Purchase and Sale
                   dated June 29, 2001, by and
                   between the Company and Viridian
                   Entertainment, with addendum.        Attached
</Table>


                              SIGNATURES

        Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

                                   -2-

<Page>

                              Total Film Group, Inc.

Date: January 9, 2002              By /s/ Jeffrey Hoffman
                                   -----------------------------------
                                   Jeffrey Hoffman, President

-3-

<Page>

ITEM 7B - PROFORMA FINANCIAL INFORMATION.

        The following unaudited pro forma condensed consolidated financial
        statements give effect to the sale by the Company of the assets of TCI
        and are based on the estimates and assumptions set forth in the notes
        to the consolidated financial statements.This pro forma information
        has been prepared using the historical financial statements of each
        entity and assumes that the sale was consummated on July 1, 2000.The
        pro forma financial data is provided for comparative purposes only and
        does not purport to be indicative of the results, which actually would
        have been obtained if the disposal had been effected on the date
        indicated.

                                         ASSETS

<Table>
<Caption>

|  |  | Consolidated |
| --- | --- | --- |
| <S> | <C> |  |
| CURRENT ASSETS |  |  |
|  |  |  |
| Cash and Cash Equivalents | $ | 448,10 |
| Time Certificate of Deposit |  | 20,69 |
| Accounts Receivable, Net of Allowance |  | 1,181,57 |
| Employees Receivable, Net of Allowance |  | 218,95 |
| Deferred Production Costs |  | 103,22 |
| Prepaid Expenses |  | 281,34 |
|  |  |  |
| TOTAL CURRENT ASSETS |  | 2,253,89 |
|  |  |  |
| OTHER ASSETS |  |  |
|  |  |  |
| Film Costs, Net of Amortization |  | 9,495,80 |
| Property and Equipment, Net of Depreciation |  | 200,71 |
| Investment in Meet World Trade |  | 3,745,09 |
| Recoverable Production Costs |  | 1,000,00 |
| Deposits |  | 538,48 |
| Goodwill, Net of Amortization |  | 282,18 |
| Capitalized Financing Fee |  | 196,05 |
|  |  |  |
|  |  | 15,458,33 |
|  |  |  |
| TOTAL ASSETS | $ | 17,712,22 |

</Table>

<Page>

LIABILITIES

<Table>
<Caption>
CURRENT LIABILITIES

| <S> | <C> |
|---|---|
| Current Portion of Long -Term Debt | $      4,776,91 |
| Current Portion of Capital Lease | 45,46 |
| Accounts Payable and Accrued Expenses | 1,815,53 |
| Deferred Revenue | 227,16 |
| Producer's Fee Payable, Related Party | 600,00 |
| TOTAL CURRENT LIABILITIES | 7,465,07 |

LONG-TERM LIABILITIES

| | |
|---|---|
| Long-Term Debt, Net of Current Portion | 1,040,93 |
| Capital Lease, Net of Current Portion | 57,90 |
| TOTAL LONG-TERM LIABILITIES | 1,098,83 |
| TOTAL LIABILITIES | 8,563,91 |

| | |
|---|---|
| MINORITY INTEREST IN EQUITY OF CONSOLIDATED SUBSIDIARY | 829,55 |

STOCKHOLDERS' EQUITY

| | |
|---|---|
| Preferred Stock - Par Value $3 per Share; Authorized 1,080,0000 Shares, Issued and Outstanding 738,600 Shares | 2,215,80 |
| Common Stock, $0.001 Par Value; Authorized 50,000,000 Shares; Issued and Outstanding 12,335,299 Shares | 12,33 |
| Additional Paid-in Capital | 13,422,19 |
| Accumulated Deficit | (7,331,565 |
| TOTAL STOCKHOLDERS' EQUITY | 8,318,76 |
| TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY | $    17,712,22 |

</Table>

<Page>

<Table>
<Caption>

Fo

|                                                      | Consolidated |
|------------------------------------------------------|-------------:|
| <S>                                                  | <C>          |
| **REVENUE**                                          |              |
| Film Production Income                               | $  1,447,467 |
| Advertising and Marketing Fees                       | 1,873,666    |
|                                                      | 3,321,133    |
| **COSTS AND OPERATING EXPENSES**                     |              |
| Production and Design Costs                          | 1,386,696    |
| Selling, General & Administrative Expenses           | 11,188,556   |
| Depreciation and Amortization                        | 2,006,833    |
| TOTAL COSTS AND OPERATING EXPENSES                   | 14,582,085   |
| LOSS BEFORE OTHER INCOME(EXPENSES)                   | (11,260,952) |
| **OTHER INCOME(EXPENSE)**                            |              |
| Interest Income                                      | 23,322       |
| Interest Expense                                     | (954,602)    |
| Amortization of Placement Fee                        | (5,146,001)  |
| Loss on Sale of Subsidiary                           | (432,016)    |
| Impairment of Investment in Meet World Trade         | (3,868,956)  |
| Minority Interest                                    | 35,064       |
| Miscellaneous Income                                 | 8,347        |
| TOTAL OTHER INCOME(EXPENSE)                          | (10,334,842) |
| LOSS BEFORE INCOME TAXES                             | (21,595,794) |
| Income Taxes                                         | (15,928)     |
| NET LOSS                                             | $ (21,611,722) |
| **PER SHARE AMOUNTS - BASIC**                        |              |
| Net Loss                                             | $    (1.49)  |
| **WEIGHTED AVERAGE NUMBER OF BASIC**                 |              |
| COMMON SHARES OUTSTANDING                            | 14,470,487   |

</Table>

</TEXT>
</DOCUMENT>

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
#### www.flsb.uscourts.gov

In re:                                          Chapter 11

**LANCER PARTNERS, L.P.,**                       Case No. 06-11721-BKC-JKO

     Debtor.

_____/

**LANCER PARTNERS, L.P.,**                       Adv. Case No. 06-01458-JKO

Plaintiff,

v.

**TOTAL FILM GROUP, INC.,**

Defendant.

_____/

## CERTIFICATE OF SERVICE

I, **Glenda Santiago**, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made June 23, 2006 by: ☒    Certified Mail service: First class United States mail, postage full pre-paid, address to:

| | | |
|---|---|---|
| Total Film Group, Inc. | Total Film Group, Inc. | Total Film Group, Inc. |
| c/o Jeff Hoffman, President | c/o Jeff Hoffman, President | c/o Jeff Hoffman, President |
| 207 W, Los Angeles Ave. 143 | 3930 Sunset Ridge Rd. | 22647 Ventura Blvd., 1002 |
| Moorpark, CA 93021 | Moorpark, CA 93021 | Woodland Hills, CA 91364 |

Under penalty of perjury, I declare that the foregoing to true and correct.

6-29-06
Date

_____
Signature

| Glenda Santiago |
|---|
| Hunton & Williams, LLP |
| 1111 Brickell Avenue, Suite 2500 |
| Miami, Florida 33131 |

64036.000002 MIAMI 357866v1

**EXHIBIT**

I

Form CGFI15  (10/17/2005)

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**
**Division:  Fort Lauderdale**

**Case Number:**  06–11721–JKO

**Adversary Number:** 06–01458–JKO

In re:

**Name of Debtor(s):**  Lancer Partners, L.P.

_____ /

**Lancer Partners, L.P.**

Plaintiff(s)

**VS.**

**Total Film Group, Inc.**

Defendant(s)

_____ /

ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY
AND BANKRUPTCY CASE NUMBERS

> *CLERK*
> *USBC*
> *SDFL*
> *FILED*
> *6/23/06*

# ALIAS SUMMONS AND NOTICE OF PRETRIAL/TRIAL
# IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 25 days (as shortened by Local Rule 7012–1) after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

☐  Clerk, 51 SW First Ave Room 1517
    Miami FL 33130

☑  Clerk, 299 E. Broward Blvd, Room 112
    Ft Lauderdale FL 33301

☐  1675 Palm Beach Lakes Blvd 8th Floor
    West Palm Beach FL 33401

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney. Pursuant to BR 7007.1, corporate defendants must file a corporate ownership statement.

    Name and Address of Plaintiff's Attorney
    Andrew D Zaron Esq
    1111 Brickell Ave #2500
    Miami, FL 33131

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

*Page 1 of 2*

## PRETRIAL CONFERENCE INFORMATION

Date:  **September 18, 2006**

Time:  **09:30 AM**

Location:  **U.S. Courthouse, 299 E Broward Blvd #308, Ft Lauderdale, FL 33301**

### TRIAL INFORMATION:

### A TRIAL WILL BE HELD DURING THE ONE–WEEK TRIAL PERIOD INDICATED BELOW

☑    To be set at pretrial

Date:

**Time:**

**Location:**

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Karen Eddy**
**Clerk of Court**

By: Mary Lou Graulau
Deputy Clerk

**Dated:**  June 23, 2006

*Page 2 of 2*

# RETURN OF SERVICE



RE:  LANCER PARTNERS, LP

STATE OF  DELAWARE      )     CASE # C6-1458 JKC

                    ) ss.

COUNTY OF  NEW CASTLE     )

## I declare under oath that I served the following
documents: ALIAS SUMMONS & NOTICE OF PRETRIAL/TRIAL IN AN ADVERSARY
___PROCEEDING_____
ON:  TOTAL FILM GROUP, INC
in the County of KENT _____ on 12/11/06 _____ (date), at 3:15 PM ___
(time), at the following location:
C/O THE DELAWARE SECRETARY OF STATE  DOVER, DE

☐   by handing it to a person identified to me as the defendant.

☐   by leaving it with the defendant who refused service.

☒   by leaving it with KAREN CHARBONNEAU _____
      designated to receive service for the defendant.

☐   I attempted to serve the defendant on _____ occasions but have not been able to
      locate the defendant. Return of the documents are made to the plaintiff
              (date). _____

                        _____ GRANVILLE MORRIS   1/30/07
                        Signature                    Date

SUBSCRIBED AND SWORN to before me this 30TH day of JANUARY _____ 2007,
in the County of  NEW CASTLE  STATE OF DELAWARE

_____
Notary Public

OFFICIAL SEAL
KEVIN DUNN
NOTARY PUBLIC · DELAWARE
NEW CASTLE COUNTY
My Commission Expires November 23, 2010

**EXHIBIT**



Form CGFI15  (10/17/2005

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**
**Division:  Fort Lauderdale**

Case Number:  06-11721-JKO

Adversary Number: 06-01458-JKO

In re:

Name of Debtor(s):  Lancer Partners, L.P.

--------------------------------------------------- /

Lancer Partners, L.P.

Plaintiff(s)

VS.

Total Film Group, Inc.

Defendant(s)

--------------------------------------------------- /

ALL DOCUMENTS REGARDING THIS MATTER
MUST BE IDENTIFIED BY BOTH ADVERSARY
AND BANKRUPTCY CASE NUMBERS

```
CLERK
USBC
SDFL
FILED
6/2/06
```

## ALIAS SUMMONS AND NOTICE OF PRETRIAL/TRIAL
## IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 25 days (as shortened by Local Rule 7012-1) after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

☐   Clerk, 51 SW First Ave Room 1517
     Miami FL 33130

☑   Clerk, 299 E. Broward Blvd, Room 112
     Ft Lauderdale FL 33301

☐   1675 Palm Beach Lakes Blvd 8th Floor
     West Palm Beach FL 33401

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney. Pursuant to BR 7007.1, corporate defendants must file a corporate ownership statement.

     Name and Address of Plaintiff's Attorney
     Andrew D Zaron Esq
     1111 Brickell Ave #2500
     Miami, FL 33131

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

*Page 1 of 2*

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
#### www.flsb.uscourts.gov

In re:

**LANCER PARTNERS, L.P.**

     **Debtor.**

_____/

**LANCER PARTNERS, L.P.,**

     **Plaintiff,**

v.

**TOTAL FILM GROUP, INC.,**

     **Defendant.**

_____/

**Chapter 11**

**Case No. 06-11721-BKC-JKO**

**Adv. Case No. 06-01458-JKO**

### AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT FINAL JUDGMENT

**STATE OF FLORIDA**

**COUNTY OF MIAMI-DADE**

     **BEFORE ME,** the undersigned authority, personally appeared MARTY STEINBERG, who, first being duly sworn, deposes and says:

     1.     I am the Court-appointed Receiver of Lancer Management Group, LLC, Lancer Management Group, II, LLC, Lancer Offshore, Inc., Omnifund, Ltd., LSPV, Inc., LSPV, LLC, Alpha Omega, Inc., CLR Associates, LLC, and G.H. Associates, LLC (collectively, the "Receivership Entities"). I am also the responsible person for the Debtor based on my role as the Receiver of Lancer Management Group II, LLC.

     2.     I have personal knowledge of the facts contained in this Affidavit.



EXHIBIT

1

3.      On July 8, 2003, the United States Securities and Exchange Commission (the "SEC") commenced an enforcement action (the "Enforcement Action") against Michael Lauer, Lancer Management Group, LLC ("LMG"), Lancer Management Group II, LLC ("LMG II"), Lancer Offshore, Inc. ("Offshore"), Lancer Partners, L.P. ("Partners"), Omnifund, Ltd. ("Omnifund"), LSPV, Inc. ("Offshore LSPV"), and LSPV, LLC ("Partners LSPV") in the United States District Court for the Southern District of Florida (the "District Court").

4.      On July 10, 2003, the District Court entered the Order Appointing Receiver (the "Receivership Order") in the Enforcement Action, which, among other things, appointed Marty Steinberg, Esq. as the receiver (the "Receiver") for LMG, LMG II, Offshore, Omnifund, Offshore LSPV and Partners LSPV.  I am the responsible person for the Debtor based on my role as the Receiver of LMG II.

5.      On September 3, 2003, the District Court entered an Order expanding the terms of the Receivership Order to include Alpha Omega Group, Inc. ("AOG") and G.H. Associates, LLC ("GH").

6.      On April 15, 2005, Partners filed in the District Court a complaint (DE 1, the "Complaint") against Total Film Group, Inc. (Case No. 05-cv-60590-MARRA, the "Adversary Proceeding").  Partners filed the Amended Complaint against the Defendant in the District Court because at the time it filed the action, the District Court was presiding over the Bankruptcy Case.

7.      On August 9, 2005, Partners filed in the District Court an Amended Complaint, (DE 4, the "Amended Complaint") against the Defendant pursuant to 11 U.S.C. §544(b) and Florida Statutes §§ 726.105(1)(a) and (b), 726.106(1), 726.108, and other applicable law, and under the theory of unjust enrichment.

2

8.      On August 11, 2005, the Clerk of the District Court issued an Alias Summons in a Civil Action (DE 7, the "First Summons") for service of the Amended Complaint on Total Film.

9.      On May 2, 2006, the District Court entered an Order (the "Order of Reference") referring the Bankruptcy Case and the Adversary Proceeding to this Court.

10.     On June 2, 2006, the Clerk of this Court issued a second Alias Summons in a Civil Action (DE 5, the "Second Summons") for service of the Amended Complaint on Total Film.

11.     On June 23, 2006, the Clerk of this Court issued a third Alias Summons in a Civil Action (DE 12, the "Third Summons") for service of the Amended Complaint on Total Film.

12.     On November 29, 2006, the Clerk of this Court issued a fourth Alias Summons in a Civil Action (DE 29, the "Fourth Summons") for service of the Amended Complaint on Total Film.

13.     Based upon my examination of the records in this Bankruptcy Case, I can state the following facts:

    a.      On August 23, 2005, Partners served the First Summons, Amended Complaint, and Exhibit "A" to the Amended Complaint by Certified Mail on Corporation Service Company, the Registered Agent of Total Film.

    b.      Pursuant to the First Summons, the deadline for Total Film to respond to the Amended Complaint was September 12, 2005.

    c.      On June 12, 2006, Partners served the Second Summons, Amended Complaint, and Exhibit "A" to the Amended Complaint on Corporation Service Company, by process server, Esquire Express, Inc.

    d.      Pursuant to the Second Summons, the deadline for Total Film to respond to the Amended Complaint was July 3, 2006.

    e.      On June 23, 2006, Partners served the Third Summons, Amended Complaint, and Exhibit "A" to the Amended Complaint by Certified Mail to Jeffrey Hoffman, the former President of Total Film.

f.     Pursuant to the Third Summons, the deadline for Total Film to respond to the Amended Complaint was July 13, 2006.

g.     On December 11, 2006, Partners served the Fourth Summons, Amended Complaint, and Exhibit "A" to the Amended Complaint on the Delaware Secretary of State, by process server, Esquire Express, Inc.

h.     Pursuant to the Fourth Summons, the deadline for Total Film to respond to the Amended Complaint was January 2, 2007.

i.     Because Total Film has failed to answer or otherwise respond to the Amended Complaint, on May 17, 2007, Partners filed a Motion for Clerks Entry of Default against Total Film (DE 35, the "Motion for Default").

j.     On May 18, 2007, the Clerk of Court entered its Entry of Default against Total Film (DE 36, the "Default").

k.     As of the date of the Motion for Default Final Judgment, Total Film has not filed an answer or responsive pleading to the Amended Complaint.

l.     The Defendant received four transfers from Lancer Partners, L.P. in the amounts of $187,500.00, $100,000.00, $500,000.00, and $50,000.00 on March 27, 1998, March 30, 1998, August 15, 2000, and November 30, 2001, respectively (the "Transfers"). True and correct copies of the transfer instructions and Partners relevant bank account statements representing the Transfers to the Defendant are attached hereto as composite **Exhibit "A."**

m.     The Transfers are recoverable pursuant to 11 U.S.C § 544(b) and Florida Statutes §§ 726.105(1)(a) and (b), 726.106(1), and 726.108, and other applicable law, and under the theory of unjust enrichment.

n.     On March 31, 2005, the Receiver made demand on the Defendant for the value of the Transfers.

o.     The Receiver has incurred a cost of $250.00 for the filing fee.

14.     Simple interest in the amount of $39,117.96 has accrued on the $187,500.00 Transfer from the date of the Transfer to the date of this Affidavit, February 15, 2008, computed using the federal rate of 2.08% and 3,612 days between the date of the Transfer and February 15, 2008 ($10.83 per diem).

15.     Simple interest in the amount of $20,860.02 has accrued on the $100,000.00

Transfer from the date of the Transfer to the date of this Affidavit, February 15, 2008, computed

using the federal rate of 2.08% and 3,609 days between the date of the Transfer and February 15,

2008  ($5.78 per diem).

16.     Simple interest in the amount of $79,158.60 has accrued on the $500,000.00

Transfer from the date of the Transfer to the date of this Affidavit, February 15, 2008, computed

using the federal rate of 2.08% and 2,740 days between the date of the Transfer and February 15,

2008  ($28.89 per diem).

17.     Simple interest in the amount of $6,554.52 has accrued on the $50,000.00

Transfer from the date of the Transfer to the date of this Affidavit, February 15, 2008, computed

using the federal rate of 2.08% and 2,268 days between the date of the Transfer and February 15,

2008  ($2.89 per diem).

18.     The Defendant owes the Plaintiff the principal amount of $837,500.00, pre-

judgment interest of $145,691.10, and Court fees of $250.00, for a total due of $983,441.10 as of

the date of this Affidavit.

**FURTHER, AFFIANT SAYETH NOT.**

_____
MARTY STEINBERG

Sworn to and subscribed before me this 15th day of **February, 2008.**

_____
(Signature of Notary Public, State of FL )

(NOTARY SEAL)

_____
(Print, Type, or Stamp Commissioned Name of
Notary Public)

MONICA C. TUCKER
MY COMMISSION # DD373114
EXPIRES: February 23, 2009
1-800-3-NOTARY    Fl. Notary Discount Assoc. Co.

Personally Known ___✓___ or Produced
Identification _____

Type of Identification Produced:

_____N/A_____

Mar-27-98  11:22PM  MONTGOMERY SEC.                                              P

D 167

Con 118-11892

Montgomery Securities
Attn: Penn Miller-Jones
590 Madison Avenue
27ᵗʰ Floor
New York, NY 10022

Dear Penn:

Please wire the following dollar amount $ _187,500_ USD_ from Lancer Partners, LP
account number 118-11892. You may use the following instructions:

BANK  _Bank of Los Angeles, Beverly_

ABA  _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_

A/C#  _020 013 2587_

N/O:  _Total Farm Group_

FFC  _____  _____

A/C#  _____  _____

Thank you,

Sincerely,

Michael _____

3/27/98

Reference: _Purchase of 150,000 share of TFGP @ $1_

0005

**EXHIBIT**

A

BASRVR 000957
Confidential Treatment
Requested

MAR 30 '98  11:55AM MONTGOMERY SEC.                                    P.6/1
Mar-30-98  08:22A

Montgomery Securities
Attn: Penn Miller-Jones
590 Madison Avenue
27ᵗʰ Floor
New York, NY 10022

Dear Penn:

Please wire the following dollar amount $ *100,000* USD from Lancer Partners, LP
account number 118-11892. You may see the following instructions:

BANK  *Bank of Los Angeles, Beverly Hills*

ABA  *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*

A/C#  *020-013-2587*

N/O  *Total Film Group*

FFC  _____

A/C#  _____

Thank you,

Sincerely,

Michael Lauer

Reference:  *Purchase of 89,000 shares of TFGP @ $1.25/s*

000651

BASRVR 001008
Confidential Treatment
Requested

TFGPLOAN 3

**Lancer Partners, L.P.**

# Fax

Attn: Sammy Lo
2 pages    ✓

| | | | |
|---|---|---|---|
| **To:** | Andrew Pennecke/Banc of America | **From:** | Michael Lauer |
| **Fax:** | 212-583-8707 | **Pages:** | 1 including this page |
| **Phone:** | 212-583-8653 | **Date:** | 8/15/00 |
| **Re:** | | **CC:** | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:**

Please wire the following dollar amount $ (500 000. USD) ∞ from the Lancer Partners, L.P. account, account number 118-11892. You may use the following instructions:

Bank: _Mercantile National Bank, L.A Calif_

Bank Route: _122-239-050_

Account Name: _Total Film Group_

Account #: _002-442-965_

FFC: _____

Account #: _____

Thank you.

Sincerely,

TFGPLOAN 4
CRPB

BASSEC 014707
Confidential Treatment
Requested by K & L

Michael Lauer

Reference: _Total Film Bridge Loan 12% due 5/31/2001_

_8/15/2a_

PAGE.01

BASSEC-014707
BASSEC-014707



**Lancer Partners, L.P.**

Attn: Sammy / Mitchell

# Fax

| | | | |
|---|---|---|---|
| **To:** | Andrew Pennecke/Banc of America | **From:** | Michael Lauer |
| **Fax:** | 212-583-8707 | **Pages:** | 1 including this page |
| **Phone:** | 212-583-8653 | **Date:** | 11/30/01 |
| **Re:** | | **CC:** | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

---

● **Comments:**

Please wire the following dollar amount $ _50,000 00_ from the Lancer Partners, L.P. account, account number 118-11892. You may use the following instructions:

Bank: _US BANK_

Bank Route: _122 - 235 - 821_

Account Name: _TOTAL MEDIA CORP_

Account #: _164 301 271 502_

FFC: _____

Account #: _____

Thank you.

Sincerely,

Michael Lauer

Reference: _Purchase of 6,000,000 shares of TFGP @ $.008333/share._

BASSEC 016176
Confidential Treatment
Requested by K & L

BASSEC-016176
BASSEC-016176

```
MONTGOMERY SECURITIES
INVESTMENT BANKING, BROKERAGE, ASSET MANAGEMENT
600 MONTGOMERY STREET, SAN FRANCISCO, CA    CCOUNTINUMBER: 110-11092 045 627-2000                          PAGE 17 OF 23
```

```
                                             **** CONTRIBUTION/WITHDRAWAL ACTIVITY ****
DATE   T TRANSACTION      QUANTITY            DESCRIPTION                              DEBIT         CREDIT
3/27   2 WFD                                 FUNDS WIRED ABA#026007773             120,000.00
                                             REF.# 0865
3/27   2 WFD                                 FUNDS WIRED ABA#021000021             262,500.00
                                             REF.# 0866
3/27   2 WFD                                 FUNDS WIRED ABA#122239005             187,500.00
                                             REF.# 0748
3/30   2 WFD                                 FUNDS WIRED ABA#122239005             100,000.00
                                             REF.# 3053
3/30   2 WFD                                 FUNDS WIRED ABA#124302503              40,000.00
                                             REF.# 3061
```

```
                                             **** MISCELLANEOUS ****
DATE   T TRANSACTION      QUANTITY            DESCRIPTION                              DEBIT         CREDIT
3/25   1 REV SPLIT         234,042           EPL TECHNOLOGIES INC NEW
                                             RESULT OF REVERSE SPLIT
3/25   1 REV SPLIT        -468,085           EPL TECHNOLOGIES INC OLD
                                             REVERSE SPLIT
3/26   1 CASH-LIEU                           EPL TECHNOLOGIES INC NEW                                  5.90
                                             CASH IN LIEU OF FRAC SHARES
3/30   1 JOURNAL             1,000           TOWER TECH INC
                                             TYPE JRNL
3/02   2 MKT                                 MARK TO MARKET                       20,228.00
3/09   2 MKT                                 MARK TO MARKET                       27,116.00
3/16   2 MKT                                 MARK TO MARKET                        3,076.00
3/19   2 NAME CHG          -17,000           PACIFIC RIM ENTERTAINMENT INC
                                             NEW
                                             SURRENDERED - NAME CHANGE
3/19   2 NAME CHG           17,000           OSAGE SYSTEMS GROUP INC
                                             RESULT OF NAME CHANGE
3/23   2 MKT                                 MARK TO MARKET                          822.00
3/25   2 REV SPLIT         359,487           EPL TECHNOLOGIES INC NEW
                                             RESULT OF REVERSE SPLIT
3/25   2 REV SPLIT        -718,974           EPL TECHNOLOGIES INC OLD
                                             REVERSE SPLIT
3/30   2 MKT                                 MARK TO MARKET                            0.48
```

```
          CLT# 094 Page 78735 BR/ACCT 110-11092 04/01/98 07.40.41 04/01/98 17:01:13 FICHE
```

**Bank of America.**

Client Statement
08/01/2000 to 08/31/2000

Account Number
118-11892-1-6 045

Banc of America Securities LLC
Banc of America Prime Brokerage Services
a division of Banc of America Securities LLC
600 Montgomery Street
San Francisco, CA 94111
415.627.2000 www.bofasecurities.com
A Bank of America Company

## Contribution and Withdrawal Activity
*continued*

| Description | Date | Transaction | Type | Quantity | Price | (Debit/Credit) |
|---|---|---|---|---|---|---|
| FUNDS WIRED ABA#072000096 REF.# 5537 | 08/02/2000 | Buy | Mrgn | 0 | $ 0.00 | $(15,495.42) |
| FUNDS WIRED ABA#021000021 REF.# 3404 | 08/03/2000 | Buy | Mrgn | 0 | $ 0.00 | $(50,000.00) |
| FUNDS WIRED ABA#122239050 REF.# 4758 | 08/15/2000 | Buy | Mrgn | 0 | $ 0.00 | $(500,000.00) |
| DECORA INDUSTRIES INC NEW 118-11892 TO 313-13377 PER LOA MARKET VALUE: $276,443.70 | 08/21/2000 | Transfer | Mrgn | 631,150- | $ 0.00 | $ 197,234.38 |
| FUNDS WIRED ABA#021000021 REF.# 3445 | 08/28/2000 | Buy | Mrgn | 0 | $ 0.00 | $(104,837.50) |
| FROM 118-11897 TO 118-11892 | 08/02/2000 | Sell | Mrgn | 0 | $ 0.00 | $ 1,000,960.08 |
| **Total Contribution and Withdrawal Activity** | | | | | | **$(646,638.46)** |

## Other Transaction Activity

| Description | Date | Transaction | Type | Quantity | Price | (Debit/Credit) |
|---|---|---|---|---|---|---|
| TYPE CHANGE | 08/18/2000 | Journal | Cash | 0 | $ 0.00 | $ 975,500.00 |
| TYPE CHANGE | 08/21/2000 | Journal | Cash | 0 | $ 0.00 | $(197,234.38) |
| TYPE CHANGE | 08/22/2000 | Journal | Cash | 0 | $ 0.00 | $ 197,234.38 |
| TYPE CHANGE | 08/25/2000 | Journal | Cash | 0 | $ 0.00 | $(97,981.73) |
| TYPE CHANGE | 08/18/2000 | Journal | Mrgn | 0 | $ 0.00 | $(975,500.00) |

Client Statement
11/01/2001 to 11/30/2001

Account Number
118-11092-1-6 045

Contribution and
Withdrawal Activity
continued

**Banc of America Securities LLC**
Banc of America Prime Brokerage Services
a division of Banc of America Securities LLC
600 Montgomery Street
San Francisco, CA 94111
415.627.2000  www.bofasecurities.com
A Bank of America Company

**Banc of America Securities**

Page 40 of 42

| Description | Date | Transaction | Type | Quantity | Price | Market Value | (Debit)/Credit |
|---|---|---|---|---|---|---|---|
| FUNDS WIRED ABA#122235821 REF.# 6006 TOTAL MEDIA CORP | 11/30/2001 | Mrgn | | 0 | $ 0.00 | | $(50,000.00) |

| Total Contribution and Withdrawal Activity | | | | | | $ 27,133,522.40 | $(882,988.50) |

Other Transaction Activity

| Description | Date | Transaction | Type | Quantity | Price | (Debit)/Credit |
|---|---|---|---|---|---|---|
| MARK TO MARKET | 11/02/2001 | | Mrgn | 0 | $ 0.00 | $ 0.18 |
| MARK TO MARKET SHORT POS | 11/02/2001 | | Shrt | 0 | $ 0.00 | $(0.18) |
| FIBERNET TELECOM GROUP INC TYPE CHANGE | 11/05/2001 | Journal | Cash | 63,850 | $ 0.00 | $ 0.00 |
| FIBERNET TELECOM GROUP INC TYPE CHANGE | 11/05/2001 | Journal | Mrgn | 63,850- | $ 0.00 | $ 0.00 |
| TYPE CHANGE | 11/08/2001 | Journal | Cash | 0 | $ 0.00 | $(46,326.95) |
| TYPE CHANGE | 11/08/2001 | Journal | Cash | 0 | $ 0.00 | $ 17,049.43 |
| TYPE CHANGE | 11/08/2001 | Journal | Mrgn | 0 | $ 0.00 | $(17,049.43) |
| TYPE CHANGE | 11/08/2001 | Journal | Mrgn | 0 | $ 0.00 | $ 46,326.95 |
| MARK TO MARKET | 11/09/2001 | | Mrgn | 0 | $ 0.00 | $(10,788.00) |
| MARK TO MARKET SHORT POS | 11/09/2001 | | Shrt | 0 | $ 0.00 | $ 10,788.00 |
| FR 31311895 TO 11811892 | 11/13/2001 | | Cash | 0 | $ 0.00 | $ 13,500.00 |

030950